UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 18-2687 JGB (SPx)** | Date | April 10, 2019 |
|---|---|---|---|
| Title | *Jacques Powers, et al. v. Ford Motor Company et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiffs' Motion to Remand and for Award of Costs and Expenses (Dkt. No. 20); (2) REMANDING the Case to the San Bernardino Superior Court; (3) DENYING AS MOOT Defendant's Motion for Judgment on the Pleadings (Dkt. No. 13); and (4) VACATING the April 15 and April 22, 2019 Hearings (IN CHAMBERS)

Before the Court is Plaintiffs Jacques Powers and Angel Powers' ("Plaintiffs") unopposed Motion to Remand and for Award of Costs and Expenses. ("Motion," Dkt. No. 20.) The Court determines the Motion is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in relation to the Motion, the Court GRANTS the Motion and REMANDS the case to state court.

## I. BACKGROUND

Plaintiffs commenced this action on November 27, 2018, when they filed a complaint in the Superior Court of California for the County of San Bernardino. ("Complaint," Dkt. No. 1-1 at 13–58.) On December 31, 2018, Defendant Ford Motor Company ("Ford") removed the action to this Court, arguing that Plaintiffs had fraudulently joined the other defendant in the action, Sunrise Ford ("Sunrise"). ("Notice of Removal" or "NOR," Dkt. No. 1.) On February 20, 2019, Ford filed a motion for judgment on the pleadings. ("MJP," Dkt. No. 13.) On March 18, 2019, Plaintiffs filed the Motion, requesting that the case be remanded to state court and that the Court award attorneys' fees. Along with the Motion, Plaintiffs filed the declaration of Mitch Rosensweig. ("Rosensweig Decl., Dkt. No. 20-1.) On March 25, 2019, Ford filed a notice of non-opposition to the Motion. ("NNO," Dkt. No. 24.)

## II.  LEGAL STANDARD

### A.  Motion to Remand and Fraudulent Joinder

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal district courts have original jurisdiction over civil actions in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Removal statutes are to be strictly construed, Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992), and the party seeking removal bears the burden of proving its propriety, Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.1996). See Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 683-85 (9th Cir. 2006); see also Calif. ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) ("[T]he burden of establishing federal jurisdiction falls to the party invoking the statute[.]"). "[A]ny doubt about the right of removal requires resolution in favor of remand." Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).

Removal is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or "sham" defendant. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" GranCare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (quoting Hunter v. Phillip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)). A defendant invoking the latter must show that there is no "*possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants[.]" Id. (internal quotation marks and citations omitted). Moreover, defendants asserting fraudulent joinder bear a "heavy burden" because of the presumption against finding defendants were fraudulently joined. Id.

### B.  Attorneys' Fees

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 140-41 (2005). An award of fees under § 1447(c) is left to the district court's discretion. Id. at 136, 139.

//

## III. DISCUSSION

Plaintiffs argue Sunrise was not fraudulently joined because they set forth specific allegations plausibly suggesting an entitlement to relief on the five claims brought against Sunrise. (Motion at 6–7.) Plaintiffs further contend that they are entitled to $1,300 in attorneys' fees and costs because "Defendant's removal of the instant action was simply improper, as there is no demonstrated or appropriate basis for federal subject matter jurisdiction." (Id. at 8–9.) Defendants do not oppose remand, but oppose an award of attorneys' fees under 28 U.S.C. § 1447(c). (NNO at 2.) Because the portion of the Motion seeking remand is unopposed, the Court GRANTS the Motion insofar as it requests remand. The Court next considers whether an award of attorneys' fees is warranted.

In its Notice of Removal, Ford contends that Plaintiffs joined Sunrise solely to defeat diversity jurisdiction. (NOR at 7.) According to Ford, the fact that Plaintiffs bring all but one of their causes of action against both Ford and Sunrise "demonstrates[] that this is truly a products liability and fraud case against Ford." (Id.) It further asserts its "belie[f] that Plaintiffs have no intention of prosecuting" their claims against Sunrise and points out that, in its experience litigating products liability cases, plaintiffs rarely sue dealerships. (Id.) Defendant also describes the allegations regarding Sunrise as "bare-boned" and "non-specific." (Id.)

Plaintiffs maintain that Ford's removal arguments ignore relevant case law and fail to address whether Plaintiffs could recover from Sunrise "under *any* legal theory." (Motion at 8.) Plaintiffs point the Court to a number of recent district court decisions apparently rejecting Ford's removal arguments.[1] (Id. at 9; Plaintiffs' Exhibit A, Dkt. No. 20-2.) Ford counters that it "had ample reasonable basis for asserting fraudulent joinder" because the orders Plaintiff mentions are not binding and were issued after removal of this action to federal court. (NNO at 2.)

Ford's beliefs regarding Plaintiffs' intentions and its observation that vehicle products liability cases are rarely brought against dealerships provide no "objectively reasonable basis for seeking removal." See Martin, 546 U.S. at 141. Moreover, its argument that Plaintiffs' assertion of all but one of their claims against both Ford and Sunrise "demonstrates[] that this is truly a products liability and fraud case against Ford" is nonsensical. (See NOR at 7.) Ford also contends that Plaintiffs' allegations against Sunrise are conclusory. (See id.) While this contention is relevant, it is insufficient to establish fraudulent joinder. See GranCare, LLC v. Thrower, 889 F.3d 543, 550 (9th Cir. 2018) ("If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there. For example, the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend."). Fraudulent joinder may be established by "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-

---

[1] The Court declines to consider these opinions because Plaintiffs have not properly cited them, directed the Court to particular passages within them, or specified which of Ford's arguments they address.

diverse party in state court." Id. at 548. Ford has provided no reasonable basis for concluding that either of these two scenarios applies here. Consequently, the Court finds an award of attorneys' fees and costs appropriate.

Plaintiffs' counsel avers that his office incurred $1,300 in attorneys' fees as a result of the removal. (Rosensweig Decl. ¶ 8.) He arrives at this figure by multiplying the four hours spent drafting and filing the Motion by an hourly rate of $325. (Id.) The Court finds Plaintiffs' counsel's hourly rate and the amount of time spent on the Motion reasonable. Cf. Keegan v. Am. Honda Motor Co, Inc., 2014 WL 12551213, at *21–23 (C.D. Cal. Jan. 21, 2014) (approving hourly rates between $325 and $825 in an automobile products liability case). It therefore awards Plaintiffs the full amount requested.

## IV. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1) Plaintiffs' Motion is GRANTED;
2) The case is REMANDED to the San Bernardino Superior Court for all further proceedings;
3) Plaintiffs are AWARDED $1,300 in attorneys' fees;
4) Ford's MJP is DENIED AS MOOT;
5) The hearings set for April 15 and April 22, 2019 are VACATED; and
6) The Clerk is directed to close the case.

**IT IS SO ORDERED.**